Curia, per

Evans, J.
The Court concurs with the Circuit Judge. Whenever there is a plaintiff who can sue, and a defendant* who can be sued, the statute of limitations begins to run. A right of *218 action has accrued to the plaintiff, (a) The general rule is, that if the statute begins to runs, it is not suspended by any subsequent event, (b) The only exceptions which I recollect, are infant owners of land, under the Act of 1824, (6 Stat., 238, § 7,)(c) executors and administrators, who cannot be sued until nine months have expired, and the case of war between the nations to which the plaintiff and defendant respectively belong. (d) Without inquiring whether the plaintiff might not have sued Sam Bugg in his lifetime, there could be no doubt she could have sued Damage, his administrator, after the expiration of nine months from the date of his administration, in March, 1835. The plaintiff’s action would have been barred, if llamage had lived, in four years and nine months from March, 1835, which could not extend beyond December, 1839, unless by the death of Damage the statute was suspended until administration was granted to the defendant. This would be against all the authorities. In the case of McCullough vs. Speed, (3 McCord, 455,) the statute commenced to run against McCullough, in his lifetime. Sometime elapsed between his death and the granting of administration to the plaintiff. If this time was deducted, the debt was not barred. But it was decided that as the statute commenced to run against McCullough, it was not suspended by the fact that after his death some time elapsed before administration was granted. This case must be governed by the same principle, and the motion is dismissed.
BiCHARDSON, O’Xeall, and ButleR, JJ., concurred.

а) 3 M‘C. 452; 2 Mi. C. R. 269; 2 M‘C. 151. An.

 4 Rich. 619 ; Act of 1824; 3 Bur. 438, 153; 3 M‘C. 451, overruling 1 M‘C. 139; 2 N. & McC. 296. An.

 1 N.& McC. 334; 4 M‘C. 422. An.

 Robson vs. Wall, 2N. & McC. 498. An.